# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Broadcom Corporation,<br><br>                        Plaintiff,<br>  vs.<br>Qualcomm Incorporated,<br><br>                        Defendant. | CASE NO. 08cv1829 WQH (LSP)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Broadcom's Complaint (Doc. # 25) filed by Defendant Qualcomm Incorporated.

## **Background**

This action arises out of allegations that Defendant Qualcomm Incorporated ("Qualcomm") used exhausted patents as leverage to control post-sale use of products in the wireless-communications device industry and to suppress competition in the wireless industry. On October 7, 2008, Plaintiff Broadcom Corporation ("Broadcom") initiated this action by filing the Complaint, which is the operative pleading in this case (Doc. # 1).

    A.    Factual Allegations of the Complaint

Broadcom is a supplier of semiconductor chipsets for wired and wireless broadband communications. *Complaint,* ¶ 12. Qualcomm is also a supplier of chipsets for mobile wireless communications. *Id.* ¶ 13. Qualcomm possesses over six thousand U.S. patents and patent applications relating to wireless technology, including patents with claims covering

wireless chipsets and handsets. *Id.,* Exhibit B, p. 3.

Qualcomm is in the business of developing and selling its own chipsets to wireless handset makers. *Id.* ¶ 16. Qualcomm chipset sales are made pursuant to "Component Supply Agreements," which require that handset makers pay Qualcomm an agreed-upon price for the chipsets sold by Qualcomm, and that buyer-handset makers may only incorporate the chipsets purchased from Qualcomm into fully assembled handsets that are the subject of a Subscriber Unit License Agreement ("SULA") between Qualcomm and the handset maker. *Id.* ¶ 17. The SULA limits the ultimate use of the chipsets "to incorporation into Qualcomm-licensed handsets." *Id*. Under the SULAs, "Qualcomm receives a royalty on the handset sale, and/or other consideration. Qualcomm thereby receives both the sales price of a chipset and a royalty on the handset into which the chipset is incorporated." *Id.* ¶ 18.

In addition to making its own chipsets, Qualcomm is also in the business of licensing a portfolio of patents to other chipset manufacturers pursuant to Application Specific Integrated Circuits Patent License Agreements ("APLAs"). *Id.* ¶ 19. "An APLA between Qualcomm and another chipset manufacturer typically provides the chipset manufacturer with the right to make or have made its own chipsets incorporating Qualcomm's intellectual property;" and grants the chipset manufacturer the right to sell the chipsets made pursuant to the license. *Id.* ¶ 20. The APLAs provide that the chipsets may only be sold to "Authorized Purchasers," which are handset manufacturers that themselves have a license from Qualcomm through a SULA. *Id.*

> The chipset-manufacturer licensees thus must agree, as a condition of the license, to funnel chipsets sold under the license into Qualcomm's double-recovery scheme–with Qualcomm paid twice for any patents substantially embodied in the APLA licensee's chipsets. First, the chipset manufacturer pays a royalty (or provides other consideration) under the APLA. Second, the handset maker pays a royalty (or provides other consideration) under the SULA.

*Id.* ¶ 21.

"A basic premise of Qualcomm's licensing model is that when Qualcomm authorizes sales of chipsets–including by selling chipsets itself–no Qualcomm patents are exhausted by these sales." *Id.* ¶ 22. However, this "basic premise is false;" Qualcomm's authorized sales of chipsets do "exhaust all rights to all patents substantially embodied by those chipsets." *Id.*

1  ¶ 23. Qualcomm has over-asserted its patent rights through relying on its exhausted patent
2  rights to collect royalties on chipsets, and by asserting its exhausted patent rights through
3  infringement actions against other non-Qualcomm-licensed chipset manufacturers such as
4  Broadcom. *Id.* ¶¶ 23-28.

5      Qualcomm has impermissibly broadened the scope of its patent rights, both with regard
6  to its own chipsets and with regard to other companies' chipsets incorporated into SULA-
7  licensed handsets. In so doing, Qualcomm has created anticompetitive effects in the chipset
8  and handset markets. *Id.* ¶ 29. "[A]t least certain SULA licenses contain discriminatory terms
9  that favor use of Qualcomm's chipsets over its competitors' chipsets," which "influences
10 handset manufacturers' chipset purchases, moving them away from companies such as
11 Broadcom and toward Qualcomm." *Id.* ¶ 30. Qualcomm has also "placed a cloud of potential
12 infringement claims over Broadcom's chipset business, which . . . has harmed Broadcom's
13 chipset business." *Id.* ¶ 31. "Qualcomm has presented Broadcom with an unfair and coercive
14 choice between accepting Qualcomm's chipset-manufacturer license terms – and thereby
15 participating in Qualcomm's illegal double-recovery scheme – or conducting business under
16 the shadow of potential infringement suits by Qualcomm." *Id.* ¶ 33.

17      B.   Claims for Relief

18      The Complaint asserts the following claims for relief: (1) declaratory judgment of patent
19 misuse; (2) declaratory judgment of patent exhaustion; (3) declaratory judgment of patent
20 unenforceability and license unenforceability.

21      In support of the first claim for relief, the Complaint alleges that "Qualcomm has
22 engaged, and continues to engage in, misuse of the Qualcomm patents that are exhausted by
23 Qualcom-authorized sales of chipsets (including by Qualcomm itself) or handsets (by
24 Qualcomm's SULA licensees)." *Id.* ¶ 35. The first claim for relief requests a judicial
25 declaration that (1) "Qualcomm has misused its claimed patent rights to obtain market benefits
26 beyond what inheres in the statutory patent right, with significant anticompetitive effects;" (2)
27 "Qualcomm has misused, and continues to misuse, Qualcomm patents that are exhausted by
28 the sale of Qualcomm chipsets and/or exhausted by the sale of SULA-licensed handsets;" (3)

"the patents that are or have been substantially embodied by Qualcomm chipsets and/or substantially embodied by SULA-licensed handsets" are unenforceable against Broadcom and generally; and (4) the SULA license agreements are unenforceable by reason of Qualcomm's patent misuse. *Id.* ¶¶ 34-44.

In support of the second claim for relief, the Complaint alleges that Qualcomm makes and has made exhaustion-triggering authorized sales of chipsets that substantially embody Qualcomm patents, which terminate all of Qualcomm's rights to enforce these patents against those products. The second claim for relief requests a judicial declaration that (1) "those Qualcomm patents substantially embodied in any chipset sold by Qualcomm are exhausted upon that sale, with respect to both that chipset and any device incorporating the chipset, terminating all of Qualcomm's rights in these patents as applied to such products;" (2) "when a SULA licensee sells a handset incorporating a Qualcomm-licensed chipset, such sale is 'authorized' under the terms of the standard Qualcomm license, exhausting all Qualcomm patents substantially embodied in the handset and its components (including chipsets), and terminating all Qualcomm rights in these patents as applied to such products;" (3) "Qualcomm cannot seek a double recovery by asserting [exhausted] patents against Broadcom for any activities related to supplying chipsets to SULA-licensed handset manufacturers;" and (4) the SULA license agreements are unenforceable by reason of Qualcomm's violation of patent exhaustion principles. *Id.* ¶¶ 45-52.

The third claim for relief requests that the Court declare that (1) "where Qualcomm has over-asserted its right in exhausted patents, these same patents are generally unenforceable by reason of Qualcomm's violation of patent exhaustion principles and/or patent misuse;" and (2) "the conduct alleged [in the Complain] renders Qualcomm's SULA license agreements unenforceable." *Id.* ¶¶ 53-57.

C. Procedural History

On November 18, 2008, Qualcomm filed the Motion to Dismiss Broadcom's Complaint ("Motion to Dismiss"). On December 23, 2008, Broadcom filed a Response in Opposition to the Motion to Dismiss (Doc. # 26). On February 2, 2009, Qualcomm filed a Reply (Doc. #

27). On February 9, 2009, the Court heard oral argument (Doc. # 28).

## **Analysis**

Qualcomm contends that this action seeks to invoke the declaratory judgment jurisdiction of this Court, and that Broadcom must therefore satisfy the Declaratory Judgment Act, 21 U.S.C. section 2201, by adequately alleging a justiciable case or controversy. Qualcomm contends that all of Broadcom's claims are premised on a finding that Qualcomm patents related to chipsets and handsets are exhausted. Qualcomm contends that a determination of patent exhaustion requires the Court to determine whether each particular patent is substantially embodied in a particular product and whether the product sale was authorized. Qualcomm contends that "Broadcom has made this inquiry impossible, failing to specify a single device, a single patent, a single license, or a single sale." *Id.* at 16. Qualcomm further contends that the Complaint does not identify a single patent that Broadcom fears might be imminently asserted, a single product that Broadcom fears might be accused, or any specific suit that Broadcom is threatened with. Qualcomm moves to dismiss the Complaint on grounds that Broadcom fails to allege with adequate specificity a controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Mot. to Dismiss,* p. 14-15 (internal quotations omitted).

Broadcom asserts that the Complaint "easily satisfies" the standard for declaratory judgment jurisdiction. *Opposition,* p. 11. Broadcom contends that it is not required to specifically identify the patents which it requests the Court declare exhausted, stating that "[i]t is sufficient that Broadcom has specifically identified the types of Broadcom products at issue (wireless communications chipsets), and the nature of Qualcomm's potential claims (patent infringement)." *Id.* at 13. Broadcom contends that "in several of [Qualcomm's] patent infringement actions against Broadcom . . . , Qualcomm has asserted that Broadcom requires a license to Qualcomm's patents in order to make and sell chipsets." *Id.* at 11. Broadcom contends that "[a]lthough Qualcomm currently has no lawsuits pending against Broadcom, Qualcomm has not suggested that it no longer believes Broadcom requires a license to its patents, nor given any assurance that it will not again sue Broadcom for infringement." *Id*.

1  Broadcom contends that the "cloud of potential infringement claims against Broadcom affects
2  Broadcom's chipset sales to handset makers" in that "[p]rospective Broadcom customers are
3  reluctant to purchase chipsets from Broadcom for fear of infringement claims against
4  Broadcom potentially affecting their supply of, and Broadcom's technical support for,
5  Broadcom chipsets." *Id.* at 12.  Broadcom contends that "Qualcomm's over-assertion of its
6  patent rights has increased costs to industry participants like Broadcom by reducing the supply
7  and diversity of chipsets and handsets," and has restricted innovation in the chipset and handset
8  market.  *Id.*  Broadcom contends that the Complaint alleges a controversy of sufficient
9  immediacy and reality to warrant declaratory relief through allegations that Qualcomm's
10 unlawful licensing practices result in a real risk of infringement claims against Broadcom and
11 has caused economic harm in the form of increased costs to industry participants such as
12 Broadcom and reduction in prospective Broadcom customers.

13         The Declaratory Judgment Act states that "[i]n a case of actual controversy within its
14 jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may
15 declare the rights and other legal relations of any interested party seeking such declaration,
16 whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The party seeking
17 relief under the Declaratory Judgment Act must demonstrate constitutional standing under
18 Article III of the United States Constitution because declaratory judgment jurisdiction extends
19 only to actual "cases or controversies."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118,
20 127 (2007).

21         In order to establish a case or controversy that gives rise to declaratory judgment
22 jurisdiction, "[t]he disagreement must not be nebulous or contingent, but must have taken on
23 a fixed and final shape so that a court can see what legal issues it is deciding and what effects
24 its decision will have on the adversaries." *Veoh Networks, Inc. v. UMG Recordings, Inc.,* 522
25 F. Supp. 2d 1265, 1269 (S.D. Cal. 2007) (citing *Pub. Serv. Com. v. Wycoff Co.,* 344 U.S. 237,
26 244 (1952).  The case or controversy must be "real, substantial, and capable of specific relief
27 through a decree of conclusive character."  *Veoh Networks, Inc.,* 522 F. Supp. 2d at 1269
28 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937).  The "question in each

case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,* 549 U.S. at 615 (internal quotations omitted). In *Veoh Netorks, Inc.,* the court held that a declaratory judgment action that "generally discusses" a product, that alleges that the defendant owns unspecified copyrights, and that alleges that the defendant has made unspecified threats of copyright infringement litigation fails to adequately define "the nature and extent of the controversy" to support declaratory judgment jurisdiction. 522 F. Supp. 2d at 1269-70. The court stated that "because Plaintiff does not reference any specific copyright, even by way of example, the relief requested would necessarily take the form of an advisory opinion." *Id.*

The Federal Circuit has clarified that declaratory judgment jurisdiction in patent cases requires a totality of the circumstances analysis, and has stated that a "patentee can cause such an injury [sufficient to create a justiciable case or controversy] in a variety of ways, for example, by creating a reasonable apprehension of an infringement suit, . . . demanding the right to royalty payments, . . . creating a barrier to the regulatory approval of a product that is necessary for marketing," or by prior litigious conduct. *Prasco, LLC v. Medicis Pharmaceutical Corp.,* 537 F.3d 1329, 1336, 1341 (Fed. Cir. 2008). Although a party need not risk a suit for infringement by engaging in an activity before seeking a declaration of its rights, subjective fear that a patentee will bring an infringement suit does not alone create a case or controversy. "'[J]urisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee.'" *Prasco, LLC,* 537 F.3d at 1338-39 (quoting *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1380-81 (Fed. Cir. 2007)).

The Complaint's prayer for relief states in full:

Broadcom requests that the Court enter a judgment in its favor and against Qualcomm as follows:

    a.    Enter judgment in favor of Broadcom and against Qualcomm;
    b.    Declare exhausted the Qualcomm patents that are (or have been) substantially embodied by the chipsets that Qualcomm sells, terminating

|     |     |                                                                                                                                                                                                                                                                                                                  |
| --- | --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | all Qualcomm rights in these patents as applied to these products;                                                                                                                                                                                                                                               |
|     | c.  | Declare exhausted the Qualcomm patents that are (or have been) substantially embodied by SULA-licensed handsets (and their components including chipsets), terminating all Qualcomm rights in these patents as applied to these products (and their components, including chipsets);                             |
|     | d.  | Declare that Qualcomm has misused, and continues to misuse, those Qualcomm patents that are exhausted by the sale of Qualcomm chipsets and/or exhausted by the sale of SULA-licensed handsets;                                                                                                                   |
|     | e.  | Declare unenforceable Qualcomm's patents that are exhausted by the sale of Qualcomm chipsets and/or exhausted by the sale of SULA-licensed handsets;                                                                                                                                                             |
|     | f.  | Declare that when Broadcom makes, uses, sells, offers to sell, or imports (or engages in other activities involving its supply of) chipsets for incorporation into SULA-licensed handsets, Qualcomm cannot assert against Broadcom based on such activities any Qualcomm patents that are substantially embodied by the Qualcomm-licensed handsets (and the components in these handsets); |
|     | g.  | Declare that the SULA license agreements are unenforceable;                                                                                                                                                                                                                                                      |
|     | h.  | Award Broadcom its costs . . . and reasonable attorneys' fees incurred in this action;                                                                                                                                                                                                                           |
|     | i.  | Declare this to be an exceptional case and award all proper remedies . . . on this basis;                                                                                                                                                                                                                        |
|     | j.  | Grant such further relief as is just and proper.                                                                                                                                                                                                                                                                 |

*Complaint,* p. 13-14.

Each of Broadcom's grounds for declaratory relief is premised on the Court finding that Qualcomm "patents that are or have been substantially embodied by the chipsets that Qualcomm sells," or that are or have been "substantially embodied by SULA-licensed handsets are exhausted." *Id.* Although Broadcom acknowledges that Qualcomm possesses thousands of patents relating to wireless chipsets and handsets, Broadcom does not identify with any specificity the patents which it requests that the Court declare exhausted. In order to make a determination of exhaustion, the Court must determine that Qualcomm, the patentee, authorized the sale of a product, in this case a chipset or handset, that "substantially embodies" a patent. *See Quanta Computer, Inc. v. LG Elecs. Inc.,* 128 S. Ct. 2109, 2118 (2008). The Court cannot make this determination on the facts as alleged in the Complaint because Broadcom does not identify with any specificity a patent that was substantially embodied in a chipset or handset, or an exhaustion triggering sale or license.

In addition to failing to specify which patents Broadcom requests that the Court declare exhausted, the injuries alleged in the Complaint are not sufficiently concrete to create a case or controversy. Although Broadcom asserts that Qualcomm's prior litigious conduct creates a case or controversy, this is only one consideration in the Court's totality of the circumstances analysis. Broadcom alleges that it is threatened by a cloud of potential infringement claims by Qualcomm, but Broadcom fails to specify any affirmative act by Qualcomm, such as a notification of Qualcomm's intent to enforce a specific patent right against Broadcom. The Complaint does not allege that Broadcom purchases Qualcomm chips or sells handsets on which royalties have been or will be paid, that Qualcomm has sought to require Broadcom to enter into a handset license, or that Broadcom has otherwise been required to pay royalties on handsets containing exhausted chips. Broadcom has failed to allege sufficient facts to claim that it is required to pay royalties as a result of Qualcomm's unlawful conduct.

The Court finds that the Complaint fails to identify any specific patent which Broadcom requests that this Court declare exhausted, and that the alleged injuries for which Broadcom seeks relief are speculative. The Court has considered the totality of the circumstances and concludes that the Complaint does not allege a controversy of "sufficient immediacy and reality to warrant the issuance" of a far-reaching declaratory judgment premised on a finding that Qualcomm's unidentified patents that are embodied in wireless chipsets and handsets are exhausted. *MedImmune,* 549 U.S. at 127. The Motion to Dismiss is granted.

## **Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 25) is **GRANTED.** The above-captioned action is **DISMISSED without prejudice.**

DATED: March 12, 2009

**WILLIAM Q. HAYES**
United States District Judge